**TOM PETRUS & MILLER LLLC**

| | |
|---|---|
| RICHARD B. MILLER | 3729-0 |
| rmiller@tpm-hawaii.com | |
| PATRICIA KEHAU WALL | 3498-0 |
| rmiller@tpm-hawaii.com | |
| IAN A. NISHI | 9829-0 |
| inishi@tpm-hawaii.com | |

Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 792-5800
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN SOUZA and EVELYN SOUZA,<br><br>Defendants. | CIVIL NO. CV 14-00504 ACK-BMK<br>(Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANTS FRANKLIN SOUZA AND EVELYN SOUZA<br><br>HEARING:<br>Date: May 4, 2015<br>Time: 10:00 a.m.<br>Judge: Hon. Barry M. Kurren |

**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANTS FRANKLIN SOUZA AND EVELYN SOUZA**

Before this Court is Plaintiff STATE FARM FIRE AND CASUALTY COMPANY's ("State Farm") Motion for Default Judgment or, in the Alternative, for Summary Judgment. Said Motion came on for hearing on May 4, 2015, with Ian A. Nishi appearing on behalf of State Farm. Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court hereby finds and recommends that State Farm's Motion be GRANTED.

**I.   BACKGROUND**

The instant declaratory relief action was brought by State Farm to obtain a determination as to its defense and indemnity obligations, if any, for claims asserted against Defendants FRANKLIN SOUZA and EVELYN SOUZA ("Defendants") in an action entitled *Save Oahu's Race Tracks, LLC, et al. v. Jobie M.K. Masagatani, et al.*, Civil No. 14-1-136506 ECN (the "Underlying Lawsuit").

**A.   The Underlying Lawsuit**

On June 20, 2014, Save Oahu's Race Tracks, LLC ("SORT") and George Grace III ("Grace") (collectively, the "Underlying Plaintiffs") filed a first amended complaint against Defendants and others for injuries that allegedly arose from Defendants' interference with the Underlying Plaintiffs' business operations. The

first amended complaint filed in the Underlying Lawsuit asserts four causes of action, the following two of which are asserted against Defendants: (1) Intentional Infliction of Emotional Distress; and (2) Negligent Infliction of Emotional Distress.

In support of the Underlying Plaintiffs' claims against Defendants, it is alleged that Defendants conspired with employees and agents of the Hawaiian Homes Commission and the Department of Hawaiian Home Lands and made false statements and reports that SORT and Grace were acting or engaging in improper, unlawful or illegal activities. It is alleged in the Underlying Lawsuit that Defendants' actions were arbitrary, capricious, wilful, outrageous, wanton, and intentional, and were performed for the specific purpose of gaining ownership and control over a certain premises. It is further alleged that Defendants' intentionally, deliberately and, in the alternative, negligently, inflicted severe emotional distress upon the Underlying Plaintiffs by maliciously interfering with the Underlying Plaintiffs' use of a certain premises through the use of threats, coercion, and intimidation.

The Underlying Complaint prays for actual damages, general damages, special damages, compensatory damages, punitive damages, declaratory and injunctive relief, attorneys' fees, costs, and other legal and equitable relief.

Defendants tendered the defense of the Underlying Lawsuit to State Farm, which has defended Defendants subject to a reservation of rights.

B. **Procedural History**

State Farm filed its Complaint for Declaratory Judgment in this case on November 6, 2014 (the "Complaint"). On November 14, 2014, the Summons and the Complaint were personally served on Defendants at 92-848 Palailai Street, Kapolei, Hawaii, 96707.

The time within which the Defendants may answer or otherwise move or defend against the Complaint, as provided by the Federal Rules of Civil Procedure or any other rule of the Court, has expired. The Defendants have not answered or otherwise moved in accordance with Federal Rule of Civil Procedure 12, and the time for Defendants to answer or otherwise move has not been extended further. Entry of Default of Defendants as to the Complaint was filed by the Clerk of this Court on February 11, 2015. Defendants have not moved to set aside the Entry of Default.

C. **The State Farm Policy**

State Farm issued a homeowners insurance policy to Defendants, No. 51-BE-G208-1, which was in force and effect at all times relevant hereto (the "Policy"). The Policy was written on State Farm Policy Form FP-7955, as

amended by endorsements FE-3446 and FE-7468.4, which provides in relevant part as follows:

> **DEFINITIONS**
>
> "You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.
>
> Certain words and phrases are defined as follows:
>
> 1. "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.
>
>    **Bodily Injury** does not include:
>
>    * * * *
>
>    c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.
>
>    * * * *
>
> 7. "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:
>
>    a. **bodily injury**; or
>
>    b. **property damage**;
>
>    during the policy period….
>
>    * * * *
>
> 8. "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**.

\* \* \* \*

## SECTION II – LIABILITY COVERAGES

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

\* \* \* \*

## SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

    a. **bodily injury** or **property damage**:

    (1) which is either expected or intended by the **insured**; or

    (2) which is the result of willful and malicious acts of the **insured**;

\* \* \* \*

## FE-7468.4 PERSONAL INJURY ENDORSEMENT

## DEFINITIONS

The following is added to "**occurrence**":

> **Occurrence** also means the commission of an offense, or series of similar offenses, which result in **personal injury** during the policy period. All **personal injury** resulting from one offense, series of similar offenses or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

The following definition is added:

> "**Personal Injury**" means injury arising out of one or more of the following offenses:
>
> a. false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution; or
>
> b. libel, slander, defamation of character or invasion of rights of privacy.

**COVERAGE L – PERSONAL LIABILITY**

The first paragraph is replaced with the following:

> If a claim is made or a suit is brought against an insured for damages because of **bodily injury**, **personal injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

**SECTION II – EXCLUSIONS** do not apply to **personal injury**. **Personal Injury** does not apply:

> \* \* \* \*
>
> 7. when you act with specific intent to cause harm or injury;
>
> 8. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed;
>
> \* \* \* \*

All other policy provisions apply.

7

* * * *

## II.  DISCUSSION

Upon careful consideration of the materials submitted to the Court by State Farm together with the instant Motion, the Court finds that there is no no coverage afforded to Defendants in this matter.  Therefore, due to Defendants' failure to respond to the Complaint, and based on the supporting documentation which indicates a lack of coverage under the Policies, this Court recommends that default judgmented be GRANTED.

### A.  There is no coverage under the Policy because the Underlying Compliant does not allege an "occurrence".

The Policy provides coverage for a claim only when it is caused by an "occurrence", which is defined in relevant part to mean "an accident".  The Court finds that the Underlying Complaint alleges only injuries which were the intended and/or expected result of the Defendants' actions.

All of the facts alleged in the Underlying Complaint, if true, lead only to the conclusion that Franklin and Evelyn intentionally interfered with the Underlying Plaintiffs business operations in SORT by attempting to gain ownership of or control over a certain parcel on which SORT was conducting or attempting to conduct its business activities.  As to Defendants, it is specifically alleged:

> Defendants Evelyn Souza and Franklin Souza intentionally interfered with the use of the premises by SORT and attacking Grace by fabricating false and untrue statements so as to interfere with SORT's permit and right to occupy and interfere

8

> in the business operations of Grace and SORT. Defendants
> Evelyn Souza agreed to and did conspire with Defendants and
> its employee and agents to provide false and misleading
> statements in an effort to force SORT and Grace to lose the
> premises and be force out and to stop doing their business. [sic]

The Underlying Plaintiffs further allege that Defendants' acted "arbitrarily, capriciously, willfully, outrageously, wantonly, and intentionally." Because the Underlying Complaint does not allege accidental or negligent conduct by Defendants, there has been no covered "occurrence" as required under the Policy and under Hawaii law.

Furthermore, the Underlying Plaintiffs' alternative allegation that they suffered emotional distress which was negligently inflicted by Defendants does not create an "occurrence". In support of the "negligence" claim, the Underlying Plaintiffs merely (1) incorporate by reference the allegations supporting their claim for Intentional Infliction of Emotional Distress (i.e., that Defendants acted "arbitrarily, capriciously, willfully, outrageously, wantonly, and intentionally"), and (2) add the allegation that "Defendants continually negligently inflicted emotional distress on the Plaintiff GRACE." Such a thinly disguised intentional act claim does nothing to create an "occurrence" under the Policy because there are no factual allegations to support it.

In determining whether a claim arises from an occurrence, Hawaii courts focus solely on the factual allegations in the underlying complaint, and not on the

9

legal theories pled by the plaintiff. *See Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 417, 992 P.2d 93, 112 (2000) (when the *facts* alleged in the underlying complaint unambiguously exclude the possibility of coverage, conclusory assertions contained in the complaint regarding the legal significance of those facts – such as that the facts as alleged demonstrate "negligent" rather than "intentional" conduct – are insufficient to trigger the insurer's duty to defend).

In the Underlying Complaint, it is alleged that Defendants intentionally and deliberately inflicted severe emotional distress upon the Underlying Plaintiffs by maliciously interfering with the Underlying Plaintiffs' use of a certain premises through the use of threats, coercion, and intimidation. It is further alleged that Defendants made false statements and reports that the Underlying Defendants were engaging in improper, unlawful or illegal activities, for their own economic gain. Regardless of the title given to this claim by the Underlying Plaintiffs, slander, libel, and malicious interference with business relations are clearly not claims sounding in negligence. Since there is no factual basis in the Underlying Complaint to support a claim for negligence against Defendants, there is no "occurrence" and, therefore, no potential for coverage under the Policy.

### B. Default judgment is appropriate.

The Court finds and recommends that the Motion be granted and that default judgment be awarded.

10

> Judgment by default may be entered as follows:
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

The Complaint and Summons in this action were personally served upon the Defendants on November 14, 2014. The time within which the Defendants may answer or otherwise move or defend against the Complaint, as provided by the Federal Rules of Civil Procedure or any other rule of the Court, has expired. Entry

of Default of Defendants as to the Complaint was filed by the Clerk of this Court on February 11, 2015. (Doc. 13.) Defendants have not moved to set aside the default entered against them by the Clerk of this Court. Because the Policy affords no coverage to Defendants with respect to the Underlying Lawsuit, and based upon Defendants' failure to plead, appear or otherwise defend against the Complaint, the Court finds that default judgment in favor of State Farm and against Defendants is appropriate.

## III. **CONCLUSION**

For the foregoing reasons, this Court FINDS and RECOMMENDS that Plaintiff State Farm's Motion for Default Judgment or, in the Alternative, for Summary Judgment against Defendants Franklin Souza and Evelyn Souza (Doc. No. 15) be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 15, 2015.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

State Farm Fire and Casualty Company v. Souza, et al., Civ. No. 14-504 ACK-BMK; FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANTS FRANKLIN SOUZA AND EVELYN SOUZA.